9 F.3d 110
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Charles Allen RIPPEE, Defendant-Appellant.
 No. 93-5084.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1993.
 
 Before: KENNEDY, MARTIN, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Charles Allen Rippee, appeals his sentence arising from his guilty plea to one count of conspiracy to sell, receive and transport stolen vehicles and stolen goods and a substantive count for the interstate transportation of a stolen truck. Defendant Rippee contends that the district court improperly enhanced his sentence under the United States Sentencing Guidelines. For reasons stated herein, we REMAND for resentencing.
 
 
 2
 The sentencing guidelines provide that if an offense involved more than minimal planning, then there is a two-level increase to the base offense. United States Sentencing Commission, Guidelines Manual, Sec. 2B1.2(b)(4)(B). According to the Commentary of Sec. 1B1.1, "more than minimal planning" is deemed present in any case involving repeated acts over a period of time and this adjustment will apply frequently in property offenses. Section 3B1.1(b) provides that if the defendant was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive, the level shall be increased by three levels.
 
 
 3
 In United States v. Romano, 970 F.2d 164, 167 (6th Cir.1992), this court held that "by its very nature, being an organizer or leader of more than five persons necessitates more than minimal planning." Therefore, Sec. 3B1.1(a) of the guidelines already takes into account the conduct penalized in Sec. 2F1.1(b)(2) which deals with "minimal planning" similar to the section at issue here. Thus, it is impermissible double counting to assess a defendant an increase under both sections.
 
 
 4
 Defendant Rippee was assessed a three-level increase pursuant to Sec. 3B1.1(b) and a two-level increase pursuant to Sec. 2B1.2(b)(4)(B). The United States concedes that under Romano the district court erred in sentencing defendant Charles Allen Rippee. As that is the only issue raised by this defendant, his sentence is now vacated and remanded for resentencing.
 
 
 5
 The appeals by co-defendants Robert J. Rippee and Rusty Clark will be decided after oral argument.